**No. 21-1897**

# United States Court of Appeals
## for the
## Fourth Circuit

_____

FAUSTINO SANCHEZ CARRERA; JESUS DAVID MURO;
MAGDALENO GERVACIO,
*Appellees*,

-v.-

E.M.D. SALES INC.; ELDA M. DEVARIE,
*Appellants*.

_____

On Appeal from the United States District Court
for the Northern District of Maryland

_____

**REPLY BRIEF OF APPELLEES**
_____

Omar Vincent Melehy
Andrew Balashov
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Telephone: (301) 587-6364
Facsimile: (301) 587-6308
Email: ovmelehy@melehylaw.com

*Counsel for Appellees*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................ iv

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

    WILLFULNESS UNDER THE FLSA IS A MIXED QUESTION OF LAW AND FACT AND THE STANDARD OF REVIEW IN THIS CASE IS DE NOVO BECAUSE THE CHALLENGED ISSUE IS PRIMARILY LEGAL, NOT FACTUAL ............................................................................................................2

    APPELLANTS' VIOLATION OF THE FLSA WAS WILLFUL UNDER THE STANDARD IN *CHAO V. SELF PRIDE*, AND THE DISTRICT COURT ERRED BY FAILING TO MAKE ANY FINDING ABOUT WHETHER DEVARIE'S UNDISPUTED KNOWLEDGE OF THE FLSA MET THE FIRST ELEMENT OF THE *CHAO* TEST ...................................................................6

    ALTERNATIVELY, TO THE EXTENT THE TRIAL COURT'S CONCLUSION THAT DEVARIE WAS CREDIBLY UNINFORMED ON THE TOPIC OF HOW FLSA APPLIES TO HER BUSINESS WAS A FACTUAL FINDING AS TO THE FIRST *CHAO* ELEMENT, IT WAS CLEARLY ERRONEOUS.............. 12

CONCLUSION ........................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728 (1981) .........................................3

*Chao v. Self Pride*, 232 Fed. App'x. 280 (4th Cir. 2007) ................................. 1, 5, 8

*First Nat'l Bank v. Fockler*, 649 F.2d 213, 216 (4th Cir. 1981) .............................13

*Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) ....................................9

*Geico v. Calderon*, 809 F.3d 111 (4th Cir. 2015) .....................................................3

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999) ......................................10

*In re Tri-State Equip., Inc.*, 792 F.2d 967 (10th Cir. 1986) ......................................3

*Martin v. Deiriggi*, 985 F.2d 129 (4th Cir. 1993) .................................................3, 5

*Morgan v. Family Dollar Stores*, 551 F.3d 1233 (11th Cir. 2008) ..........................9

*Portillo v. Cunningham*, 872 F.3d 728  (5th Cir. 2017) ..........................................7

*Samuel J. Creswell Iron Works, Inc. v. Hous. Auth. of Camden*, 449 F.2d 557 (3d Cir. 1971) .................................................................................................................7

*Worthy v. Biggers Bros., Inc.*, Nos. 86-1682, 86-1683, 1988 U.S. App. LEXIS 19582, at *4 (4th Cir.1988)………………………………………………………….3

*U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC,* 138 S. Ct. 960 (2018) ..................4

*United States v. Buchanan*, 933 F.3d 501 (6th Cir. 2019) ........................................7

## Statutes

29 U.S.C. § 255(a) ...................................................................................................10

## Regulations

5 § C.F.R. 551.104 .....................................................................................................9

iv

## **INTRODUCTION**

Appellants do not dispute that in *Chao v. Self Pride*, this Court articulated the standard for when an employer's conduct transcends negligence and becomes reckless, giving rise to a willful violation of the FLSA. *See* Appellees' Brief at 28-29, Doc. 28; 232 Fed. App'x. 280 (4th Cir. 2007). Appellants also admit that Devarie had knowledge of the general requirements of FLSA's overtime provisions, the outside salesman exemption, and that FLSA applied to her business. Doc 28 at 30. The question for this Court is whether the Trial Court erred by failing to make a factual finding about whether Devarie's undisputed knowledge of the FLSA generally was sufficient to meet the first element of the willfulness test in *Chao*. *See generally* Doc. 28 at 26-32. Appellants do not directly address this issue and instead argue that Devarie's knowledge was not enough to meet the notice requirement in *Chao* because all that Devarie knew was that the FLSA was "in the picture." Doc. 28 at 27-30.

Appellants also argue that because the trial court made a finding of fact on willfulness (that Devarie was "credibility uninformed" about the FLSA), that finding is unassailable absent a showing of clear error. Doc. 28 at 26. Both arguments fail. The undisputed record at the Trial Court established Devarie knew far more than just that the FLSA was "in the picture." To the contrary, Devarie knew for decades that the FLSA applied to her business; she knew precisely which FLSA exemption could

1

apply to Appellees; and Devarie knew that the applicability of the exemption turned on a fact-intensive inquiry which required scrutinizing the employees' duties and the time they spent performing them because the employee handbook she approved stated as much (A638:4-9, A643:2-6, A646:8-12, A657:18-25, A665:14-25, A666:1-15, A667:3-17, A1246, A1253) and she knew that those duties changed as EMD grew because it began to service primarily chain, not independent, stores. (A1597, A1606, A641:21-25, A642:1-8, A641:16-25; A642:1-8, A659:23-25; A660:1-6, A1024-1071, A662:9-15). As to the standard of review, this Court should apply *de novo* review since here because the question of whether Appellants acted willfully is a mixed question of fact and law, and Appellees' appeal concerns a primarily legal, not factual issue. Accordingly, this Court must reverse the Trial Court's finding on willfulness and remand this matter to the Trial Court to make a finding as the first element of the Chao test – notice of the FLSA.

## ARGUMENT

**I. WILLFULNESS IS A MIXED QUESTION OF LAW AND FACT AND THE STANDARD OF REVIEW IN THIS CASE IS DE NOVO BECAUSE THE CHALLENGED ISSUE IS PRIMARILY LEGAL, NOT FACTUAL**

Appellants also argue that willfulness is always a question of fact, which can never be subject to *de novo* review, and that the Trial Court's ruling can only be disturbed if Appellees show its factual findings were clearly erroneous. Doc. 28 at 26-27. In support, Appellants cite two Fourth Circuit cases for the proposition that

2

willfulness is always a question of fact. *See Geico v. Calderon*, 809 F.3d 111, 130 (4th Cir. 2015); *Martin v. Deiriggi*, 985 F.2d 129, 136 (4th Cir. 1993). However, the holdings in *Geico* and *Martin* are entirely consistent with Appellees' position that willfulness, under the circumstances present in this case, is properly viewed as a mixed question of law and fact and that the applicable standard of review depends on whether the error claimed is primarily factual or legal. In this case, the issue is largely a legal one, thus *de novo* review should apply.

First, as Appellees pointed out in their brief-in-chief, the 1st, 9th, 10th, and 11th Circuits all consider willfulness a mixed question of law and fact which on appeal is reviewed *de novo*. Doc. 25-1 at 14. Appellants do not address this body of case law, or its impact on the Court's review in this case. Indeed, while not referring to willfulness specifically, the Supreme Court has stated that statutory issues arising under the FLSA "typically involve mixed questions of fact and law." *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 729 (1981). "[A] question of fact is one that can be answered with little or no reference to law, and a question of law is one that can be answered with little or no reference to fact." *In re Tri-State Equip., Inc.*, 792 F.2d 967, 970 (10th Cir. 1986). Mixed questions "lie in between," and involve situations where, as here, the facts are largely undisputed and the only matter at issue is whether the facts meet the statutory standard. *Id*. The willfulness issue in this case

3

is a mixed question of law and fact because Devarie's level of knowledge about the FLSA is not in dispute and is established through her own testimony.

Appellees also pointed out in their brief that the standard of review for a mixed question depends on whether the challenged issue is primarily legal or factual. Doc. 25-1 at 14. The Supreme Court has held that "the standard of review for a mixed question all depends on whether answering it entails primarily legal or factual work." *U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC,* 138 S. Ct. 960, 962 (2018). An appellate court should apply *de novo* review when the question "require[s] courts to expound on the law,    . . . by amplifying or elaborating on a broad legal standard" and "developing auxiliary legal principles of use in other cases." *Id.* But deference is appropriate when a question requires "immers[ion] . . . in case-specific factual issues" involving "multifarious, fleeting, special, narrow facts that utterly resist generalization." *Id.* Here, the issue is primarily legal, not factual, because Devarie admitted to longstanding general knowledge of the FLSA's overtime requirements and a specific knowledge of the outside sales exemption. She also admitted that she failed to conduct even a rudimentary investigation of Appellees' duties and responsibilities. The Trial Court was then required, under the standard in *Chao v. Self Pride*, to decide whether Devarie had knowledge of the general requirements of the FLSA, and whether, given those facts, Appellants chose to remain ignorant of the legal requirements of FLSA or deliberately disobey them.

4

*Chao*, 232 F. App'x at 286-87. Appellees' position is the Trial Court never made the requisite finding at all, which is a purely legal issue, making *de novo* review the appropriate standard.

The conclusion reached by the Court in *Martin v. Deiriggi*, that willfulness was (in that case) a question of fact, is entirely consistent with Appellees' argument above. In *Martin*, the appellants took "issue with many of the factual findings of the district court," not its conclusions of law. 985 F.2d 129, 136 (4th Cir. 1992). As to willfulness specifically, the *Martin* appellants argued "that the district court's conclusion [that the violation was willful] [was] based on an erroneous interpretation of the facts." *Id*. The Martin Court acknowledged that the lower court "applied the correct legal standard" and focused its analysis on the sufficiency of the evidence. *Id*. Because the willfulness issue in *Martin* was primarily factual, the *Martin* Court correctly applied a clearly erroneous standard of review. *Id.*

In *Geico v. Calderon*, the Fourth Circuit affirmed the lower court's grant of summary judgment to the employer on the willfulness issue finding as a matter of law, that no reasonable fact finder could conclude that the employer's conduct was knowingly incorrect or willful. 809 F.3d 111, 131 (4th Cir. 2015). So, while *Geico* seemingly cited *Martin* with approval, the Geico Court treated the issue as a mixed question of fact and law by granting summary judgment to the employer rather than

5

letting the matter to the trier of fact, the jury. *Id*. Thus, *Geico* supports Appellees' position, not Appellants.

II. **APPELLANTS' VIOLATION OF THE FLSA WAS WILLFUL UNDER THE STANDARD IN *CHAO V. SELF PRIDE*, AND THE DISTRICT COURT ERRED BY FAILING TO MAKE ANY FINDING ABOUT WHETHER DEVARIE'S UNDISPUTED KNOWLEDGE OF THE FLSA MET THE FIRST ELEMENT OF THE *CHAO* TEST**

Appellants argue that *Chao* supports their position, not that of Appellees. Doc. 28 at 28-29. In *Chao,* the employees' primary contention was that they were not paid for breaks or for time spent working if they did not call into the employer's central line to report in while working. *Chao*, 232 F. App'x at 286. The lower court in *Chao* found the employer's actions did not rise to the level of willful, despite the employer being notified by the Department of Labor that it was violating the FLSA. *Id*. The *Chao* trial court granted partial summary judgment for the employees on the issue of liability and liquidated damages. *Id*. at 283. Following a bench trial, the district court found that the employer did not act willfully. *Id*. The employer appealed, and this Court affirmed. *Id*. The Court observed that although the DOL investigator had informed the employer that it was violating the FLSA by failing to pay employees for breaks; the investigator never followed up and never informed the owners of the specific provisions that were violated or how the violations could be corrected. *Id*. at 286. As such the trial court in *Chao* found, as a fact, that the employer did not

6

have notice of the requirements of the FLSA at the time of the violations and the appellate court affirmed. *Id*.

Appellants suggest that their conduct was "less reckless" than that of the *Chao* employer because Devarie never had notice that EMD's pay practices may violate the FLSA. Doc. 28 at 29. This argument is unavailing because actual notice is not required for a finding of willfulness and *Chao* does not stand for such a proposition. The trial court in *Chao* found that the notice to the employer was insufficient to support a willful violation because the notice did not identify which provisions of the FLSA were being violated and did not provide examples of the violations or how they could be cured. *Chao* 232 F. App'x at 282.

While the principles of *Chao* apply in this case, there are two reasons why *Chao* is distinguishable. First, in *Chao*, unlike in this case, the district court made findings of fact on the notice issue (it found that that the Secretary of Labor failed to demonstrate that the employer had notice of the "general requirements of the FLSA"). *Id*. at 286. In this case, the trial court made no findings of fact on the issue, despite the strong evidence that Appellants were aware of the general requirements of the FLSA. A1594-151598. That alone constitutes legal error. *See United States v. Buchanan*, 933 F.3d 501, 504 (6th Cir. 2019) ("if the district court failed to make a factual finding on a required element, the appellate court has no facts to review, and remand is the appropriate course of action"); *Samuel J. Creswell Iron Works,*

7

*Inc. v. Hous. Auth. of Camden*, 449 F.2d 557, 561 (3d Cir. 1971) (remand required where trial court did not make a finding as to a necessary element of the case); *Portillo v. Cunningham*, 872 F.3d 728, 742 (5th Cir. 2017) (award of attorneys' fees vacated and case remanded where trial court did not make the necessary factual finding to support the award). Second, the issue of whether breaks constitute work time, is very different from the issue of whether Appellees were exempt outside salespersons, an issue that Appellants were fully aware of since at near the time EMD began operating. A638:1-11.

Moreover, the trial court in *Chao* emphasized that the employer never received any written information or guidance about the FLSA. *See Chao v. Self Pride, Inc.*, No. RDB 03-3409, 2006 U.S. Dist. LEXIS 18865, at *6 (D. Md. 2006). In contrast, Devarie admitted to knowing about the outside sales exemption specifically, and that its applicability turned on an analysis of the employees' duties. EMD's own handbook, which Devarie helped draft, said as much. 1253. She also testified that she received and reviewed written guidance about the exemption from the Department of Labor, and that she went as far as to consult a checklist about the exemption. A638:4-9, A643:2-6, A646:8-12. Therefore, Devarie was far more informed than the *Chao* defendant about the FLSA, and the Trial Court should have found the notice element of the *Chao* test satisfied because the facts supporting

8

notice were undisputed. Yet, the Trial Court made no factual finding on this point and nonetheless concluded the violation was not willful, which was reversible error.

The fact that Appellants did not receive express notice of a violation is also not dispositive of the willfulness issue. Not every willful violation requires express notice to the employer that its pay practices violate the FLSA. Such notice, along with other circumstances, may be sufficient to establish willfulness but it is not necessary. Indeed, the *Chao* Court held that an employer can be put on "constructive notice" of a possible violation if it acts recklessly or deliberately in failing to learn of its legal obligations. *Chao*, 232 F. App'x at 287.

Decisions from other Circuits demonstrate that an employer's failure to undertake a further inquiry into what the FLSA requires, irrespective of whether they are on notice of a possible FLSA violation, is reckless conduct which gives rise to a willful, as opposed to merely a negligent violation. In *Morgan v. Family Dollar Stores*, the Eleventh Circuit, relying on *Richland Shoe Co.*, and guidance in 5 § C.F.R. 551.104, upheld a jury's finding of willfulness based on facts like those this case. 551 F.3d 1233, 1280 (11th Cir. 2008). Like Devarie, the Family Dollar executives "never studied whether the store managers [the plaintiffs] were exempt executives," "made no inquiry into how many hours a week [they] actually worked", and blindly adhered to a policy classifying the store managers as exempt despite not knowing how or why the policy came about. *Id*. Family Dollar simply classified all

9

store managers as exempt "without ever determining how [they] spent their time." *Id*. The Family Dollar executives knew about FLSA and the exemption (the executive exemption at issue in that case) yet took no action to determine whether the duties store managers performed made them exempt. *Id*.

In *Flores v. City of San Gabriel*, the Ninth Circuit similarly held that "[a]n employer's violation of the FLSA is willful when it is on notice of its FLSA requirements, yet [takes] no affirmative action to assure compliance with them." 824 F.3d 890, 906 (9th Cir. 2016). Like Appellants, the *Flores* employer/defendant (City of San Gabriel or the "City"), was indisputably on notice about the FLSA, its knowledge arising not from a prior violation but because the City set up its pay practices with references to specific provisions of the FSLA. *Id*. Yet, the City failed to investigate whether its exclusion of certain payments to employees from the regular rate of pay complied with the FLSA. *Id*. The trial court found the violation willful, and the Ninth Circuit affirmed, noting that the City had put forward no evidence of any actions it took to determine whether its pay practices complied with the act despite knowing which specific provisions were at issue. *Id*. at 907. The *Flores* Court also held that "[a]n employer need not violate the statute knowingly for its violation to be considered 'willful' under § 255(a)." *Id*. at 906.

In an earlier case from the Second Circuit, *Herman v. RSR Sec. Servs.*, the Court affirmed a trial court's finding of willfulness where the employer, despite

10

having knowledge of the FLSA and its requirements, made no effort to ascertain its compliance with those requirements. 172 F.3d 132, 141 (2d Cir. 1999). In *Herman*, the individual defendant had in-depth knowledge of the FLSA. *Id*. The trial court held that considering this knowledge, he should have investigated whether the company's pay practices were FLSA compliant when he discovered, and corrected, an illegal accounting practice at the company (an instance of certain employees being incorrectly identified as independent contractors on 1099 forms). *Id*. The Second Circuit affirmed, holding that actual knowledge of the FLSA violations at issue was not a prerequisite to finding willfulness because the individual defendant recklessly disregarded the possibility that a violation existed. *Id.*

Like the defendants in *Herman*, *Flores* and *Morgan*, Devarie's inexplicable failure to investigate the actual daily tasks of the sales representatives, despite her knowledge of the FLSA, the outside sales exemption, and that exempt status depended on an assessment of each employee's specific duties (A1253), amounts to a willful violation. Based on this evidence, the Trial Court correctly concluded that Devarie's failure to investigate sales representatives' duties was "unreasonable" because without such information, Devarie lacked objectively reasonable grounds for believing Appellees were exempt. A1607-1608. Thus, the second element of *Chao's* willfulness test (choosing to remain ignorant of the FLSA's legal requirements) was satisfied. Yet, the Trial Court made no findings of fact as to

11

whether Devarie had the requisite knowledge, *i.e.* knowledge of the "existence and general requirements of the FLSA," to satisfy the first element of *Chao's* willfulness test. A1593-1609. This was reversible error because had the Trial Court done so, it would have found both elements met since Devarie admitted her knowledge of the FLSA went far beyond merely knowing it existed and its "general requirements." Accordingly, the Trial Court's failure to make a finding on this issue was error.

Devarie's own testimony proved that she knew more about the FLSA than the *Chao* employer and the fact that she failed to consult with the professionals who were at her disposal, proves that she deliberately or recklessly chose not to ascertain Appellants' obligations under the FLSA, which is a willful violation.

**III. ALTERNATIVELY, TO THE EXTENT THE TRIAL COURT'S CONCLUSION THAT DEVARIE WAS CREDIBLY UNINFORMED ON THE TOPIC OF HOW FLSA APPLIES TO HER BUSINESS WAS A FACTUAL FINDING AS TO THE FIRST *CHAO* ELEMENT, IT WAS CLEARLY ERRONEOUS**

In their brief-in-chief, Appellees argued in the alternative that the Trial Court's conclusion that Appellants did not act willfully was clearly erroneous. In response, Appellants argue that the Trial Court's conclusion should not be disturbed because there is "ample factual support" in the record that Appellants' violation of the FLSA did not rise to the level of a willful violation. Specifically, Appellants first point out that Devarie negotiated a collective bargaining agreement while represented by experienced labor counsel, who never alerted her to any FLSA

12

violation. Doc. 28 at 30-31. But this fact is largely neutralized because Devarie never investigated the duties of the sales representatives and therefore could not convey the necessary information to her counsel to enable him to identify any possible violation.

Next, Appellants argue the Trial Court's conclusion that Devarie was "credibly uninformed" about how FLSA applied to her business is a factual finding as to her level of knowledge, which precludes a finding of willfulness. However, even a factual finding may be disturbed by the appellate court where its inconsistent with or otherwise contradicts the record. *First Nat'l Bank v. Fockler*, 649 F.2d 213, 216 (4th Cir. 1981) (remanding case where the uncontroverted record specifically contradicted the findings of the trial court); *Worthy v. Biggers Bros., Inc.*, Nos. 86-1682, 86-1683, 1988 U.S. App. LEXIS 19582, at *4 (4th Cir. 1988) (clearly erroneous standard may be met where trial court's findings are based on "internally inconsistent" or "implausible" evidence.)

The Trial Court's conclusion on this point makes no sense considering Devarie's testimony that she knew about the FLSA at or near the time she started her business, knew it required payment of overtime and knew about the outside sales exemption and that its application turned on an analysis of the employee's duties. Because the Trial Court's finding is contradicted by Devarie's own testimony that

13

she was, at a minimum, informed generally about FLSA and its requirements, (which is all *Chao* requires) it was clearly erroneous and subject to reversal.

Finally, Appellants attempt to negate other evidence of a willful violation (complaints by one of the Appellees about pay practices and pay practices vis-à-vis non-exempt merchandisers), which was before the Trial Court but not expressly considered by it. Doc. 28 at 31. As to the complaints by Mr. Carrera about EMD's pay practices, Appellants argue this was a disputed fact which the Trial Court did not resolve in favor of either party. With respect to Appellants' treatment of merchandisers as exempt despite the fact they performed no exempt duties, Appellants similarly argue that since this fact was not mentioned by the Trial Court, there is no way to say for certain how much weight, if any, the Trial Court ascribed to it. Both facts are relevant to and may be dispositive of whether Devarie had a willful state of mind when she chose to treat sales representative as exempt. The existence of these facts and the Trial Court's failure to consider them as evidence of willfulness in its ruling, underscore Appellees' position that the Trial Court's ruling as to willfulness was clearly erroneous, against the weight of the evidence and subject to reversal by this Court.

## **CONCLUSION**

For the foregoing reasons, the Court should reverse the Trial court's finding that the Appellants' violation of the FLSA was not willful and remand this case to the Trial court to issue a new damages' ruling consistent with a finding of willfulness.

                              Respectfully Submitted,

                              /s/Omar Vincent Melehy
                              Omar Vincent Melehy
                              Andrew Balashov
                              Melehy & Associates, LLC
                              8403 Colesville Road, Ste. 610
                              Silver Spring, MD 20910
                              Tel.: 301-587-6364
                              Facsimile: 301-587-6308
                              Email: ovmelehy@melehylaw.com
                                                  abalashov@melehylaw.com

                              *Attorneys for Appellees/Cross Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.      This document complies with the type-volume limit of Fed. R. App. P. 27(d)(1)(E) and the word limit of Fed. R. App. P. 27(d)(2)(a) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,532 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-Point Times New Roman Font.

/s/Andrew Balashov
Andrew Balashov
Attorney for Appellees
Dated: June 13, 2022